SPENCER *v.* GRAHAM.

A section of the act of 1852 concerning highways, provided that any person wishing to enclose land through which any state or county highway ran, might petition the board of commissioners to turn the highway upon his own land, at his own expense. Another section provided that any state or county highway might be changed by such board, on the petition of twelve freeholders of the township in which the part of the highway proposed to be changed was situate. A petition was filed, the language of which showed that it was founded on the latter section, but it was materially defective in being signed by but one person. Objection having been made to the petition, the petitioner applied for leave so to amend the petition as to bring it within the provisions of the former section. The practice act of 1852 was not then in force. *Held,* that the amendment was not allowable.

The practice act of 1852 did not come into force until the 6th of *May,* 1853.

APPEAL from the *Porter* Circuit Court.

DAVISON, J.— *Spencer,* at the *August* term, 1852, appeared before the board of commissioners of *Porter* county, and filed this petition:

" To the board of commissioners of the county of *Porter.* The petition of the undersigned citizens of township 34 north, of range 5 west in said county, showeth, that they are laboring under great inconvenience for want of a change in a certain road" [describing the road] "and would re-

quest said road to be changed as follows, viz.: commencing at the north quarter-post of sec. 32, t. 4, n. of r. 5 west; thence south 80 rods; thence west so as to intersect the state road leading from *Valparaiso* to *Lafayette.* Such change will run over or through the lands owned by *Benj. N. Spencer.* And your petitioners, &c. [Signed] *Benj. N. Spencer.*"

Upon the petition thus presented, the commissioners, at said term, appointed three viewers to mark and lay out the change, and directed them to report at the next term of the board. The viewers reported in favor of the change prayed for; whereupon the commissioners ordered said report to be recorded, the change confirmed, and the road to be accordingly opened.

From these proceedings one *Robert W. Graham* appealed to the Circuit Court. At the *April* term of said Court, 1853, (being the 5th day of *April* in that year), *Graham* moved to dismiss the case. Pending this motion, *Spencer* moved for leave to amend the petition, by inserting therein, after the name of *Benjamin N. Spencer*, these words: "And your petitioner, *Benjamin N. Spencer*, desires to occupy, as a part of his close and farm, that part of his lands across which said road was so originally located." And also "by striking out the letter 's' where it occurs at the end of the word petitioners." The Court refused to permit the amendments, sustained *Graham's* motion, and dismissed the suit.

Relative to the mode of changing public highways, there were in force at the time this proceeding was dismissed, two statutory provisions:

1. "Any person wishing to enclose land through which any state or county highway may run, may petition the board for permission to turn such highway on his own land at his own expense.

2. "Any state or county highway may be changed by the board of county commissioners, on the petition of twelve freeholders of the township in which the part of such highway proposed to be changed shall lie." Acts of 1849, pp. 105, 106.

The form and language of the petition show that it was filed under the latter provision. It is, however, materially defective, because it has not the requisite number of signatures. But the object of *Spencer's* amendment was to bring the petition within the former provision, to make it apply to his own private interest. We know of no rule of practice that would authorize a Court to permit an amendment that would thus vary the original purpose of a suit.

The appellant refers to sections 99 and 101 of the R. S. 1852, vol. 2, p. 48. These enactments were not in force until the 6th of *May*, 1853, subsequent to the time this suit was dismissed. *Jones* v. *Cavins*, 4 Ind. R. 305. What would have been the influence of the sections just referred to, upon the decision of this cause, is not a question arising in the record, and, therefore, not an important inquiry.

We think the Circuit Court ruled correctly.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Niles*, for the appellant.